## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| THE ADMINISTRATIVE COMMITTEE OF THE AON PENSION PLAN, | |
| Plaintiff, | |
| v. | Case No. 1:19-cv- |
| ROBERT E. KAPPUS, | Judge |
| Defendants. | |

## COMPLAINT

Plaintiff, the Administrative Committee of the Aon Pension Plan (the "Aon Committee") through their undersigned counsel, for their Complaint against Defendant Robert E. Kappus ("Kappus"), states as follows:

### PARTIES

1.      Aon Corporation is a global provider of risk management services, insurance and reinsurance brokerage and human capital consulting.

2.      The Administrative Committee of the Aon Pension Plan was designated by Aon Corporation's Board of Directors to serve as the plan administrator and named fiduciary with respect to the administration of the Aon Pension Plan ("the Plan").

3.      Robert E. Kappus is a citizen of Illinois and resides in Prospect Heights, Illinois. From 1993 to 1998, Kappus was employed by Aon Risk Services, Inc. of Illinois ("Aon Risk").

## JURISDICTION

4.      This cause of action is governed primarily by the Employee Retirement and Income Security Act of 1974, 29 U.S.C. §§ 1001-1461. Jurisdiction for Counts I and II is provided under 29 U.S.C. §§1132(a)(3) and 1132(e)(1), which give the United States District Courts jurisdiction over civil actions brought by a fiduciary to obtain appropriate equitable relief to enforce provisions of an employee benefits plan such as the Plan. In addition, this Court has jurisdiction under 28 U.S.C. § 1331 because Counts I and II arise under the laws of the United States.

## VENUE

5.      Venue is proper in this Court under 28 U.S.C. § 1391 and 29 U.S.C. § 1132(e)(2) because Kappus resides in Prospect Heights, Illinois and the Aon Committee's principal place of business is in Chicago, Illinois.

## NATURE OF THE ACTION

6.      This is an action by the Aon Committee against Robert E. Kappus for equitable relief pursuant to 29 U.S.C. §1132(a)(3) and unjust enrichment under the federal common law of ERISA.

7.      From October 1, 2012 until September 1, 2017, Kappus received monthly pension payments from the Plan in the erroneous amount of $9,339.59. As Kappus knew from prior written correspondence with the Plan, his monthly payments were supposed to be only $933.39.

8.      Pursuant to the terms of the controlling Plan documents, Kappus was overpaid in the amount of $504,372.00.

2

9.      Therefore, the Aon Committee, as the plan administrator and named fiduciary of the Plan, is entitled to recover $504,372.00, in addition to interest, fees and costs, from Kappus.

## STATEMENT OF FACTS

10.      Kappus was employed by Aon Risk from 1993 through 1998. Between 1994 and 1997, during which he worked full calendar years, he earned between $194,764.91 and $252,557.51 in pension eligible wages annually.

11.      In addition to his high earnings, Kappus was eligible to, and did, participate in the Plan. In accord with the Plan, Kappus began receiving monthly pension payments when he was 65 years old.

12.      In July of 2007, Kappus received a Notification of Vested Deferred Benefit from the Plan, stating that his single life income payable at his normal retirement date would be $990.44 per month. *(July 2007 Notification of Vested Deferred Benefit attached as Exhibit A).*

13.      On June 29, 2012, Kappus received a letter from the Plan enclosing the necessary paperwork to commence his pension payments on October 1, 2012. *(June 29, 2012 Letter from the Plan to Kappus attached as Exhibit B).*

14.      The June 29, 2012 letter from the Plan to Kappus enclosed an Aon Pension Plan Benefit Election Form. Due to a data entry error, the form stated monthly payment amounts far in excess of those to which Kappus was previously advised and to which he was actually entitled.

15.     On July 31, 2012, Kappus signed the Benefit Election Form and selected the ten-year certain and life annuity payment option with the erroneously stated monthly pension payment amount of $9,339.59—around ten times the correct amount he was notified of five years earlier. *(July 31, 2012 Benefit Election Form attached as Exhibit C).*

16.     As a result of the data entry mistake, from October 1, 2012 until September 1, 2017, Kappus received regular monthly pension payments from the Plan for the amount of $9,339.59. As such, Kappus received $112,075 per year—when he should only have received $11,200.68 per year.

17.     Based upon the July 2007 Notification of Vested Deferred Benefit , Kappus knew that his monthly pension payments, ten times the amount of which he had been previously notified, were made in error. *(See July 2007 Notification of Vested Deferred Benefit attached as Exhibit A).*

18.     During that entire five-year time span, Kappus failed to notify the Committee, Plan or any other Aon entity that he had been receiving a mistaken pension payment every month.

19.     After discovering the error during an audit, on September 21, 2017, the Aon HR Service Center Pension Team sent a letter to Kappus notifying him of the erroneous pension payments. *(September 21, 2017 Letter from Aon HR Service Center Pension Team to R. Kappus attached as Exhibit D).*

20.     The September 21, 2017 letter explained that Kappus's correct monthly pension payment was $933.39, rather than the erroneously computed $9,339.59. The letter explained the calculations substantiating that $933.39 was the correct payment amount.

4

Taking into account a deduction elected by Kappus, that number was in accord with the $990.44 figure quoted to him in July 2007. (See Par. 12, *supra*.)

21. From October 1, 2017 until May 1, 2018, Kappus received the correct regular monthly pension payments of $933.39.

22. Kappus, knowing full well throughout the five-year period that he had been mistakenly overpaid, raised no objection to the new (and correct) monthly payment amount of $933.39.

23. On May 9, 2018, the Plan sent a Notification of Overpayment to Kappus, informing him that the erroneous monthly pension payments resulted in an overpayment of $504,372.00, and that in an effort to recoup the overpaid amounts, the remaining pension payments would be suspended effective June 1, 2018. *(May 9, 2018 Notification of Overpayment attached as Exhibit E).*

24. In its May 9, 2018 letter, the Plan requested that Kappus contact the Aon Pension Center regarding his options to repay the Plan.

25. On May 31, 2018, a representative from the Aon Pension Center had a telephone discussion with Kappus regarding the mistaken overpayments. In the discussion, Kappus refused to repay the Plan.

26. On June 17, 2018, Kappus sent a letter to the Aon Pension Center, in which he admitted to receiving the pension payments and acknowleding the amounts were erroneous. Nevertheless, he refused to repay the Plan. In fact, Kappus declared: "I have no intention of reimbursing the Aon Pension Plan for the five years of incorrect payments." *(June 17, 2018 Letter from R. Kappus to Aon Pension Center attached as Exhibit F).*

27.     In response, on July 27, 2018, an associate general counsel for Aon Corporation sent another letter to Kappus demanding repayment. (*July 27, 2018 Letter from R. Slocum to R. Kappus attached as Exhibit G*).

28.     To this date, Kappus has steadfastly refused to reimburse the Plan for any amount of his pension overpayment of $504,372.00.

## COUNT I – ENFORCEMENT OF ERISA

29.     The Aon Committee incorporates paragraphs 1-28 as if fully restated herein.

30.     Pursuant to 29 U.S.C. §1132(a)(3), the Aon Committee seeks recovery of all funds from Kappus that are the result of a pension overpayment.

31.     As a result of the mistaken overpayments, Kappus received $504,372.00 in excess payments that he was not entitled to receive under the terms of the Aon Pension Plan.

32.     The Aon Committee, as the administrator and named fiduciary of the Plan, is entitled to recover $504,372.00, in addition to interest, fees and costs, from Kappus.

33.     Kappus has failed to repay any amount of this pension overpayment to the Plan, the Aon Committee or any other Aon entity.

34.     By refusing to reimburse the Plan for this pension overpayment, Kappus has retained a benefit which belongs to the Plan, thereby enriching himself at the expense of the Plan and its other participants in bad faith and in violation of the Plan.

WHEREFORE, the Administrative Committee of the Aon Pension Plan respectfully requests that this Court enter a judgment in its favor and against Robert E.

Kappus, in the amount of $504,372.00 in unearned payments due and owing to the Administrative Committee of the Aon Pension Plan, the imposition of a constructive trust on the $504,372.00, attorneys' fees allowable under 29 U.S.C. §1132(g), costs of litigation, prejudgment interest, and any further relief that this Court deems just.

## COUNT II – UNJUST ENRICHMENT

35.     The Aon Committee incorporates paragraphs 1-34 as if fully restated herein.

36.     Kappus has been unjustly enriched by receiving $504,372.00 in pension payments at the expense of the Plan.

37.     The Plan mistakenly overpaid Kappus $504,372.00.

38.     Due to internal calculation errors, the unearned payments were unintentionally transferred to Kappus from the Plan.

39.     By refusing to reimburse the Plan for the $504,372.00 in pension overpayments, Kappus has had a benefit conferred upon him by the Plan, and which belongs to the Plan.

40.     Kappus would be unjustly enriched at the expense of the Plan if he were permitted to retain these unearned payments.

41.     The Aon Committee, as the administrator and named fiduciary of the Plan, is entitled to recover the $504,372.00 in unearned payments, in addition to interests, fees and costs, from Kappus.

42.     Kappus must return the $504,372.00 in unearned payments to the Plan.

WHEREFORE, the Administrative Committee of the Aon Pension Plan respectfully requests that this Court enter a judgment in its favor and against Robert E. Kappus, in the amount of $504,372.00 in unearned payments due and owing to the Administrative Committee of the Aon Pension Plan, the imposition of a constructive trust on the $504,372.00, attorneys' fees  allowable under 29 U.S.C. §1132(g), costs of litigation, prejudgment interest, punitive damages and any further relief that this Court deems just.


Dated: March 7, 2019                                        Respectfully submitted,

                                                            **Administrative Committee of the Aon Pension Plan**

                                                            By:      /s/ Jonathan B. Cifonelli
                                                                     One of Its Attorneys

Walter Jones, Jr. (ARDC# 1365665)
Jonathan B. Cifonelli (ARDC #6285930)
Zeke Katz (ARDC #6317470)
Pugh, Jones & Johnson, P.C.
180 North LaSalle Street, Suite 3400
Chicago, Illinois 60601
Telephone: (312) 768-7800
Email: wjones@pjjlaw.com
       jcifonelli@pjjlaw.com
       zkatz@pjjlaw.com

8